IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD GOLDEN, | § | |
| | § | |
| Movant, | § | |
| | § | No. 3:19-cv-01991-D (BT) |
| v. | § | No. 3:17-cr-00157-D-1 |
| | § | |
| UNITED STATES of AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Donald Golden, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Golden's § 2255 motion.

I.

In 2016, Golden posted an advertisement on Craigslist.com and solicited sexually explicit photographs from an undercover Grand Prairie Police Department (GPPD) officer posing as a 14-year-old boy, L.W. A grand jury in this district indicted Golden on charges of attempted production of child pornography and attempted enticement of a minor. Golden eventually entered a plea agreement with the Government and pleaded guilty to attempted production of child pornography in violation of 18 U.S.C. §

1

2251(a). On December 15, 2017, the District Court sentenced him to 300 months' imprisonment. Golden appealed to the Fifth Circuit Court of Appeals, but the Fifth Circuit determined his appeal did not present any nonfrivolous issues for review and dismissed it. *See United States v. Golden*, 735 F. App'x 141 (5th Cir. 2018) (per curiam).

Golden then filed this § 2255 motion (CV ECF No. 2),[1] in which he argues:

    (1)  his First Amendment rights were violated when the undercover GPPD officer responded to his online advertisement based on its content;

    (2)  his constitutional rights were violated due to an "entrapment by inducement" during the online investigation; and

    (3)  his appointed trial attorney, an Assistant Federal Public Defender, provided ineffective assistance of counsel when:

        a. she failed to provide available discovery to him prior to his decision regarding whether to accept or reject the plea agreement;

        b. she failed to investigate the credibility of the Government's "key witness;"

        c. she failed to investigate constitutional violations committed by the GPPD;

        d. she refused to advise him regarding whether he should accept the plea agreement or go to trial;

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal action, case number 3:17-cr-157-D-1, and "CV ECF" refers to the civil action, case number 3:19-cv-1991-D-BT.

    e. she failed to consider and investigate evidence of entrapment by the GPPD;

    f. she failed to move for an extension of time in the legal proceedings when she was aware he had been diagnosed with cancer;

    g. she failed to inform him of the collateral affects of pleading guilty; and

    h. she failed to file a motion or otherwise notify the Court of his verbal request for a special hearing to determine if her representation was sufficient under the Criminal Justice Act (CJA), 18 U.S.C. § 3006A.

In its response, the Government argues that Golden's direct claims of constitutional error are procedurally barred, waived, and substantively meritless. The Government further argues that Golden failed to demonstrate ineffective assistance of counsel, and his § 2255 motion should be denied with prejudice. Golden filed a reply with exhibits, and the § 2255 motion is ripe for determination.

II.

A.   <u>Golden's direct claims of constitutional error are procedurally barred</u>.

Golden argues that his constitutional rights were violated when an undercover GPPD officer posing as L.W., a teenage boy, responded to his online advertisement. Mot. 4-6 (ECF No. 2). Specifically, he contends that his Craigslist.com posting was protected speech, and law enforcement's engagement with him was retaliatory and unlawful. *Id.* 5-6. Golden

3

concludes that due to this alleged violation of his First Amendment rights, "any and all evidence pertaining to this case, should not be allowed." *Id.* 6.

Golden failed to raise these claims on direct appeal, and they are procedurally barred. *See Golden*, 735 F. App'x at 141. When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); *see also United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Golden alleges that his appellate attorney failed to raise the constitutional claims and he requested more time from the Fifth Circuit to file them, but the Fifth Circuit failed to respond. Mot. 1-2 (CV ECF No. 2); *see also* Reply 3-4 (CV ECF No. 8). Assuming, without deciding, that this argument is sufficient to excuse his failure to raise his arguments on direct appeal, Golden has not demonstrated actual prejudice resulting from the default. Specifically, Golden has not shown that if he had raised these issues before the Fifth Circuit, the Court would have considered them. *See United States v. United States v. Frady*, 456 U.S. 152, 164 (1982) (The cause and prejudice standard presents a significantly higher standard than the "plain error" standard applied on direct appeal); *see also United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003) (per curiam). The only exception to overcoming a

4

procedural default without showing cause and prejudice is when the failure to grant relief would result in a "manifest miscarriage of justice," where the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Shaid*, 937 F.2d at 232 (internal quotation marks omitted). Golden has not demonstrated cause and prejudice or actual innocence. Therefore, his direct claims of constitutional error are defaulted and should be dismissed.

The Government also argues that Golden's direct claims of constitutional error are waived by the appeal waiver in his plea agreement and are also meritless. Because these claims are procedurally defaulted, the Court should pretermit consideration of these additional arguments.

B.  <u>Golden has failed to demonstrate ineffective assistance of counsel</u>.

Next, Golden raises eight claims of ineffective assistance of counsel. Because he fails to satisfy both prongs of the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), with respect to any of the eight claims, they fail on the merits.

To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687. In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."

5

466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if a movant proves his counsel's performance was deficient, a movant must still prove prejudice. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland,* 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993)).

1. Counsel's alleged failure to provide discovery, advance constitutional claims, and pursue an entrapment defense

Golden argues that his trial attorney failed to provide him with available discovery prior to the time he had to decide whether to accept the government's plea offer. Mot. 2-4 (CV ECF No. 2). Thus, he contends, his decision to enter into the plea agreement was "uninformed," and his guilty plea resulted from "a violation of due process." *Id.* More specifically, he claims that he did not receive the discovery, including "crucial, material evidence" involving the nature of the investigation, until November 19, 2018—almost a year after he was sentenced. *Id.* 3. He claims the evidence

6

revealed that the undercover GPPD officer violated his First Amendment rights by initiating a "proactive solicitation investigation" based solely on a Cragislist.com posting. *Id.* 4. In related arguments, Golden contends that his trial attorney failed to investigate the alleged constitutional violations. *Id.* 6. He also argues that his attorney failed to advise him about entrapment, which rendered his guilty plea involuntary. *Id.* 7-8; *see also* Reply 7 (CV ECF No. 8).

Golden's claim that he did not timely receive "crucial, material evidence" about his case is refuted by the record, which reveals details regarding the investigation, including the early date Golden learned that it was a GPPD officer posing as L.W. who responded to Golden's Craigslist.com posting. Indeed, that information was discussed at his detention hearing on April 3, 2017, months prior to his guilty plea. (CR ECF No. 45 at 2-5.) Likewise, those details were also set forth in Golden's presentence report (PSR), which was disclosed on September 29, 2017, prior to sentencing. (PSR ¶¶ 13-33.) After disclosure of the PSR, Golden did not seek to withdraw his guilty plea or otherwise act in a manner inconsistent with his admission of guilt at his plea hearing. (*See generally*, CR ECF No. 37.) Rather, at sentencing, Golden stated that he had a history of abuse and admitted, "I know I have a problem, but I don't think it's that severe that I need to be locked up for the rest of my life." (CR ECF No. 37 at 6-7.) He also advised the District Court that he had read and reviewed the PSR. (*Id.* at 2.)

7

To demonstrate prejudice when, as here, a movant pleads guilty, the movant must show that he would not have pleaded guilty but for his counsel's deficient performance and would have instead insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) ("In order '[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'") (quoting *Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004)). "[T]he strong societal interest in finality has 'special force with respect to convictions based on guilty pleas.'" *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (quoting *United States v. Timmreck*, 441 U.S. 780, 784) (1979)). And for this reason, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.*

To demonstrate that he was prejudiced by his trial attorney's alleged failure to provide him with the discovery, Golden must show that he would not have pleaded guilty and would have insisted on going to trial. Golden claims that if he had known the investigation was a proactive solicitation investigation, he would not have pleaded guilty. Mot. 4 (CV ECF No. 2). As

8

discussed, however, he was aware of the information concerning the investigation as early as his detention hearing on April 3, 2017. And despite being aware of this information, he went on to plead guilty on July 28, 2017. (*See* CR ECF Nos. 36, 45.) Additionally, Golden's opinion that the investigation was unconstitutional is based on a misunderstanding of the law. The GPPD's investigation did not violate Golden's First Amendment rights, and he had no viable entrapment defense. If he had discussed these matters with his attorney, she would have advised him of the law, and there is no legitimate reason to believe he would have pleaded not guilty and gone to trial.

Golden claims the Government violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963). Under *Brady*, the prosecution must turn over evidence favorable to the accused upon request. *Id.* at 87. To show a *Brady* violation, a movant must demonstrate: (1) the prosecution suppressed evidence, (2) the suppressed evidence was favorable to him, and (3) the suppressed evidence was material. *See Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *see also United States v. Brown*, 650 F.3d 581, 587-88 (5th Cir. 2011). Golden's argument that his rights under *Brady* were violated fails under all three prongs. First, he alleges that his trial attorney failed to provide him with discovery. Mot. 3 (CV ECF No. 2) ("[I]n the present case, this egregious conduct was practiced by one's 'advocate', that is Golden's defense counsel."). However, Golden does not claim that the *prosecution*

9

withheld evidence from him. Second, evidence that the undercover GPPD officer initiated a "proactive solicitation investigation" based solely upon the content of Golden's Craigslist.com posting was not evidence favorable to him. Rather, the evidence provides background information regarding how the investigation arose; it does not in any way exonerate Golden or otherwise suggest that he did not attempt to produce child pornography in violation of § 2251(a). Third, Golden fails to demonstrate that the evidence regarding a proactive solicitation investigation was somehow material to his defense.

Finally, Golden's constitutional claims are meritless. He has not demonstrated his First Amendment rights were violated. Golden posted obscene content on Craigslist.com, demonstrating that his speech was not "chilled." He also fails to show how the undercover GPPD officer's response to the posting somehow violated his constitutional rights. Similarly, Golden cannot show that an entrapment defense was viable under the facts presented. Entitlement to an entrapment instruction requires a defendant to make a prima facie showing of two elements: (1) his lack of predisposition and (2) some governmental inducement. *United States v. Macedo-Flores*, 788 F.3d 181, 187 (5th Cir. 2015); *see United States v. Bradfield*, 113 F.3d 515, 520 (5th Cir. 1997) ("A defendant is entitled to an entrapment instruction when there is sufficient evidence from which a reasonable jury could find entrapment."); *see also United States v. Hamilton*, 2021 WL 5178463, at *10 (N.D. Tex. Nov. 8, 2021). After all, law enforcement did not

induce Golden to commit the attempted production of child pornography. Rather, he was predisposed to commit the crime. *See United States v. Stephens*, 717 F.3d 440, 445 (5th Cir. 2013) ("Predisposition . . . focuses upon whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime.") (quoting *Mathews v. United States*, 485 U.S. 58, 63 (1988)).

In sum, the arguments Golden raises are meritless, and his trial attorney did not provide ineffective assistance of counsel by failing to raise them. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim[.]"); *see also United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

2. Counsel's alleged failure to investigate the undercover GPPD officer

Next, Golden argues that his trial counsel provided ineffective assistance of counsel when she failed to investigate the credibility of the Government's "key witness," the undercover GPPD officer who posed as L.W. Mot. 6 (CV ECF No. 2); *see also* Reply 4 (CV ECF No. 8). He further argues that if his attorney had properly investigated, she would have learned that the GPPD officer "has a well-documented history of violating citizens' constitutional rights." Mot. 6 (CV ECF No. 2); *see also* Reply 7-8 (CV ECF No. 8). In support of this argument, Golden cites *United States v. Wali*, 811 F. Supp.2d 1276, 1286-87 (N.D. Tex. 2011), a case involving the same GPPD

11

officer where the Court granted a motion to suppress because the Government failed to carry its burden to establish that reasonable suspicion existed to seize the defendant. Mot. 6 (CV ECF No. 2).

A claim that an attorney provided ineffective assistance of counsel because she did not conduct an adequate pretrial investigation is addressed under the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Bryant v. Scott*, 28 F.3d 1411, 1414 (5th Cir. 1994). A trial attorney must conduct a reasonable amount of pretrial investigation. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986) (citing *Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985)); *see also Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). To demonstrate prejudice due to "a failure to investigate on the part of his counsel [a movant] must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *Adekeye v. Davis*, 938 F.3d 678, 683 (5th Cir. 2019) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).

Golden fails to show that his assertions related to the GPPD officer, even if true, would have impacted the outcome of his case. *See Adekeye*, 938 F.3d at 683. Golden's conclusory suggestion that an unreasonable traffic stop years earlier in *Wali* invalidates the online investigation where his criminal conduct was discovered is legally insufficient to surmount the high standard set forth in *Strickland*. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) ("This Court has made clear that conclusory allegations of

12

ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than pleadings drafted by lawyers"); *Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [the party] is *pro se*, we construe his pleadings liberally.") (citing *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996)); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990) (citing *Haines v. Kerner*, 404 U.S. 519 (1972), and noting that it calls for an expansive reading of *pro se* pleadings). Consequently, this claim fails because it is both conclusory and meritless.

3. Counsel's alleged failure to advise Golden regarding the Government's plea offer and the collateral effects of the plea

Golden argues that his trial attorney refused to advise him on whether he should accept the Government's plea offer. Mot. 6 (CV ECF No. 2). He claims that he asked his attorney for legal advice, but she responded, "I can't advise you on this." *Id.*

Golden's argument is inconsistent with the record. His signed plea agreement contains the following provision:

> 13. **Representation of counsel:** The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement,

13

> each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into his plea agreement and all its terms, rather than proceed to trial in this case.

(CR ECF No. 18 at 6-7.) A presumption of regularity is bestowed upon court documents, and for this reason, they are accorded great weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement is accorded great evidentiary weight when determining if a guilty plea is knowing and voluntary); *see also Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986).

Additionally, Golden's argument is inconsistent with sworn representations he made before the Court at the time of his guilty plea. Specifically, Golden stated: he had the opportunity to read and review the indictment carefully and discuss it with his attorney (CR ECF No. 36 at 4); he understood the nature of the charges to which he was pleading guilty (*id.* at 4-5); he was fully satisfied with his attorney's representation and advice (*id.* at 5); he and his attorney had discussed the plea agreement carefully (*id.*); he understood all his trial rights (*id.* at 7-8); he and his attorney had discussed sentencing (*id.* at 10-11); his attorney had given him her professional opinion about what she thought his advisory-guideline range would be (*id.* at 11); and he had carefully discussed the factual resume with his attorney (*id.* at 14).

14

"Solemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In the Fifth Circuit, great weight is afforded "to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). When a § 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. *United States v. Gonzalez*, 139 F.3d 899, 1998 WL 127868, at *2 (5th Cir. 1998) (per curiam). Absent independent and reliable evidence of the likely merit of his allegations, a prisoner "will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)).

Golden also argues that his attorney "fail[ed] to inform [him] of the collateral affests [sic] of pleading guilty, which she encouraged by her utter failure to investigate this case as preparation for trial. Specifically, [he] was entirely uninformed of all of the supervised release conditions that could be imposed, and were ultimately imposed, following his conviction." Mot. 8 (CV ECF No. 2). However, Golden has failed to demonstrate that his attorney provided ineffective assistance of counsel regarding his supervised-release terms by failing to properly inform him of all the conditions that could be

15

imposed following his conviction. *See United States v. Crain*, 877 F.3d 637, 647-49 (5th Cir. 2017) (recognizing a Circuit split and noting that "[t]his court has generally held that the Sixth Amendment requires defense counsel to advise defendants only about the direct consequences of pleading guilty, not the potential collateral consequences) (citing *United States v. Amer*, 681 F.3d 211, 214 (5th Cir. 2012)). Also, he has failed to demonstrate prejudice because he does not refer to a specific condition of supervision that is problematic, and he does not demonstrate, much less allege, that if he had been made aware of the potential supervised-release conditions, he would not have pleaded guilty and would have proceeded to trial. *See id.* at 649-650; *see also Hill*, 474 U.S. at 59; *Cavitt*, 550 F.3d at 441 ("In order '[t]o prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'") (quoting *Bond*, 384 F.3d at 167-68).

    4.    Counsel's alleged failure to seek an extension of time

Golden argues that his attorney "provided ineffective assistance by failing to move for extensions during the legal proceedings when she was fully aware of the petitioner being recently diagnosed with cancer resulting in physical as well as mental duress arising from that diagnosis and subsequent medical treatments during [sic] those legal proceedings." Mot.

16

8 (CV ECF No. 2). Golden's argument is inconsistent with the record. On May 5, 2017, his attorney moved to continue the trial and pretrial deadlines. (CR ECF No. 15.) That same day, the District Court granted the motion and moved the trial date back by two months. (CR ECF No. 16.) Additionally, on October 4, 2017, Golden's attorney moved to continue the sentencing deadlines. (CR ECF No. 24.) That same day, the District Court granted the request. (CR ECF No. 25.)

Golden's argument is overly general and lacks the necessary specifics. For instance, he fails to explain what more his attorney should have done to delay the proceedings. This lack of specificity in Golden's argument precludes him from demonstrating that his attorney provided deficient performance. After all, Golden's attorney's decisions regarding when to move for an extension of time and for how long to extend the case could have been the result of a tactical decision. Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021). Therefore, Golden has failed to demonstrate that his attorney provided deficient

17

performance under *Strickland*, and this ineffective assistance of counsel claim must fail. *See Amos v. Scott,* 61 F.3d 333, 348 (5th Cir. 1995) ("[A] court need not address both prongs of the conjunctive *Strickland* standard, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *see also Okechuku v. United States,* 2021 WL 2690091, at *9 (N.D. Tex. June 14, 2021), *rec. adopted* 2021 WL 2685283 (N.D. Tex. June 30, 2021).

    5. Counsel's alleged failure to request a hearing on her representation

Finally, Golden summarily argues that his attorney provided ineffective assistance of counsel when she failed to file a motion or otherwise inform the Court of his request for a special hearing to address her representation under the CJA. Mot. 8 (CV ECF No. 2). Golden provides no factual context for this claim, and it is unclear when he allegedly requested a hearing or what the precise issue for hearing was. Similarly, he fails to allege or demonstrate that if he had been afforded a hearing on his attorney's representation, it would have somehow altered the outcome of his case. Golden has failed to make any demonstration of prejudice, and for this reason alone, his ineffective assistance of counsel claim must fail under *Strickland*. And because he has failed to demonstrate prejudice, the Court need not address deficient performance. *See Amos,* 61 F.3d at 348 ("[A] court need not address both prongs of the conjunctive *Strickland* standard,

18

but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test."); *see also Okechuku,* 2021 WL 2690091, at *9.

C. <u>Golden is not entitled to an evidentiary hearing</u>.

Last, Golden argues that the Court should either "outright" grant his 2255 motion or order an evidentiary hearing. Reply. 9 (CV ECF No. 8).

With a § 2255 motion, an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Hughes,* 635 F.2d 449, 451 (5th Cir. 1981) (citing *Sosa v. United States,* 550 F.2d 244, 250 (5th Cir. 1977)). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed,* 719 F.3d 369, 373 (5th Cir. 2013) (quoting *United States v. Cavitt,* 550 F.3d 430, 442 (5th Cir. 2008)); *see also United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)). A district court's decision not to hold an evidentiary hearing is reviewed for abuse of discretion. *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir. 2006) (citing *Cervantes,* 132 F.3d at 1110).

As discussed, Golden's § 2255 claims fail for various reasons. Because the motion, files, and records of the case conclusively demonstrate that he is not entitled to relief, a hearing is not warranted. *See* 28 U.S.C. § 2255(b); *see also Hughes,* 635 F.2d at 451. Therefore, Golden's request for an evidentiary hearing is denied.

19

III.

The Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed April 11, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).